CITY OF WHITEHALL EX REL. FENNESSY, CITY ATTORNEY, APPELLEE,
v. BAMBI MOTEL, INC. ET AL., APPELLANTS.

[Cite as *Whitehall ex rel. Fennessy v. Bambi
Motel, Inc.* (1999), 85 Ohio St.3d 1209.]

(No. 99–333—Submitted March 18, 1999—Decided March 19, 1999.)

*Charles D. Underwood,* Whitehall City Attorney, *Charles W. McGowan* and
*Peter F.J. Beagle,* Assistant City Attorneys, for appellee.

*E. Scott Shaw,* Whitehall Special Counsel, for former Whitehall City Attorney
Dennis J. Fennessy.

*Daniel J. Igoe; Whiteside & Whiteside* and *Alba L. Whiteside,* for appellants.

This cause is pending before the court as a discretionary appeal and claimed
appeal of right. Upon consideration of the motions to quash by the city of
Whitehall and former Whitehall City Attorney Dennis J. Fennessy, it is ordered
by the court that the motions to quash subpoenas be, and hereby are, denied.

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

RESNICK and LUNDBERG STRATTON, JJ., concur separately.

LUNDBERG STRATTON, J., concurring. Although I agree with the majority's
ultimate disposition of the plaintiff city of Whitehall's and former Whitehall City
Attorney Dennis J. Fennessy's respective motions to quash, I write separately
because I believe that the court should *sua sponte* strike the motions to quash as
improperly filed in this court, as opposed to denying the motions.

Both Fennessy and the plaintiff moved to quash the subpoenas pursuant to
Civ.R. 45(C)(3). Civ.R. 45(C)(3) states:

"On timely motion, *the court from which the subpoena was issued* shall quash
or modify the subpoena * * * if the subpoena does any of the following * * *."
(Emphasis added.)

The subpoenas in this case were issued by common pleas and municipal courts.
Therefore, pursuant to the plain language of Civ.R. 45(C)(3), this court has no

authority to quash the subpoenas because it did not issue them. Accordingly, I believe it is more proper to *sua sponte* strike the motions to quash as improperly filed in this court, as opposed to denying them.

RESNICK, J., concurs in the foregoing concurring opinion.